Turlev, J.
delivered the opinion of the court.
We suppose the point intended to be raised by the plea in ¿this case to be this; that a grand jury can in no case present an offender upon information received from others, but are confined to information,to be received from some one of their own body. This we do not think to be law. In relation to the offence of gaming, the .act of 1824, c. 5, § 2, gives the grand jurors of the State very extensive inquisitorial powers, making it their duty to enquire diligently after all such offenders, and giving them the power to call all persons for examination before them, whom they may believe to have any knowl- *390 e^'§e the commission of such offences. The design of this -statute certainly was to enable the jury, upon acqiring the necessssrjr information, to present the offenders in the same way, as if they themselves personally knew them to be guilty. In England, the practice is, when the grand jury or a portion of their body, are cognizant of an offence, to return a presentment thereof into court, upon which the Attorney General frames a bill of indictment; but in this State the practice has not been to frame a bill of indictment upon the presentment, but to put the prisoner upon trial on the presentment, which is in form an indictment, except that instead of being signed by the Attorney General and foreman of the grand jury, it is signed by the grand jurors individually, and this practice has been recognised by our courts. If then, an offender may be put upon trial on a presentment made on the personal knowledge of the grand jurors, we can see no reason why he should not when it is made upon information received aliunde when the law expressly authorises such information, and with the view of enabling them to present. We therefore affirm the judgment of the court below.
Judgment affirmed.